UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE JUAN HERNANDEZ** | : | **DOCKET NO. 18-cv-1272** |
| **REG. # 32176034** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **R. MYERS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Jose Juan Hernandez. Hernandez is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for initial review. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

Pursuant to a plea agreement, Hernandez was convicted in the United States District Court for the Northern District of Texas of one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, a Schedule II controlled substance. *See United States v. Hernandez*, No. 3:08-cr-268-B-3, docs. 292 & 294 (N.D. Tex. Jul. 8, 2010). On July 1, 2010, he was sentenced to a 188-month term of imprisonment. *Id.* at doc. 361. At his sentencing, the judge orally ordered that the federal sentence would run concurrently to a sentence already imposed by

the state of California. *Id.* at doc. 382, pp. 26–27. However, this order was not incorporated into the written judgment. *See id.* at doc. 361.

Hernandez filed a notice of appeal to the Fifth Circuit, which affirmed the district court in a judgment filed on July 18, 2011. *Id.* at doc. 416. He then filed a Motion to Vacate in the district court pursuant to 28 U.S.C. § 2255, on or about March 27, 2012. *Id.* at doc. 427. There he complained in part of the court's failure to order that his sentences be served concurrently. *See Hernandez v. United States*, No. 3:12-cv-921, doc. 10, p. 8 (N.D. Tex. Feb. 20, 2013). The magistrate judge reviewed the motion on the merits and recommended that the relief be denied, and the court adopted her report and recommendation. *Id.* at docs. 10, 13, 14. As to the concurrent sentences claim, the magistrate judge reasoned that Hernandez had waived any claim relating to the court's error. *Id.* at doc. 10, pp. 8–9. However, the government also addressed the merits of the claim in its response to the magistrate judge's opinion. It noted that Hernandez had been paroled from his California sentence on March 3, 2010, prior to his federal sentencing. *Id.* at doc. 11, p. 2. Accordingly, there was no undischarged state sentence with which the federal sentence could run and the only grounds for shortening the federal sentence based on the one imposed by California would be through a downward departure under United States Sentencing Guidelines § 5K2.23. *Id.* at doc. 11, pp. 2–3. In adopting the magistrate judge's report and recommendation, the court expressly declined to order any downward departure. *Id.* at doc. 13, pp. 2–3.

Hernandez sought review in the Fifth Circuit, which affirmed the district court's judgment. *Id.* at doc. 21. Hernandez also filed a Motion to Reduce Sentence in the district court under 18 U.S.C. § 3582, which the court denied. *Hernandez*, No. 3:08-cr-268-B-3, at docs. 442, 448. Finally, he filed a Motion to Order Nunc Pro Tunc Designation/Motion to Correct Clerical Error under Federal Rule of Criminal Procedure 36 on or about February 16, 2016, in which he sought

to have the court's judgment corrected in order to reflect that his federal sentence was running concurrently with a sentence imposed by the State of California. *Id.* at doc. 450. The court denied the motion, adopting the magistrate judge's report and recommendations. *Id.* at docs. 452, 453. The magistrate judge held that the court did not have jurisdiction over his request for nunc pro tunc designation, and that such a request should instead be presented through a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *Id.* at doc. 452, pp. 6–7. He also found no grounds for relief under Rule 36 because, even though the court's oral order had been erroneously omitted from the sentence, there was no state sentence running at the federal sentencing to which the federal sentence could have been made concurrent and "amending Hernandez's judgment at this time makes no practical sense, particularly since it appears that the BOP is very aware of the variance between the oral sentence and the judgment as written." *Id.* at doc. 452, pp. 4–6.

Hernandez now brings the instant § 2241 petition, seeking nunc pro tunc designation that his federal sentence runs concurrently to his California sentence. Doc. 1. This court conducts its initial review of the petition under Rule 4 of the Rules Governing § 2254 Proceedings in the District Courts.

## II.
### LAW & ANALYSIS

#### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing

to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court retains discretion to order a term of imprisonment to order concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). However, it has no authority to designate credit for time already served. *See, e.g.*, *Wilson*, 112 S.Ct. at 1353–54.

A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Under § 3585(b), a defendant is to be given credit toward his federal term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." In this circuit, it is well settled that "where there is any variation between the

oral and written pronouncements of the sentence, the oral sentence prevails." *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991).

Hernandez's Sentence Monitoring Computation Data sheet, attached to his petition, shows that he received credit for prior time in custody from March 4, 2010, until June 30, 2010. Doc. 1, att. 2, p. 15. This comports with the government's statement above that he was paroled from his California sentence on March 3, 2010, and the Northern District of Texas's finding that Hernandez had already been credited with all of the prior custody time to which he was entitled. Hernandez presents nothing to challenge the Northern District of Texas's position that the sentences could not have been made to run concurrently because the state sentence expired before the commencement of the federal sentence. As the Northern District of Texas noted, the fact that a concurrent sentence order "is 'impossible' to fulfill stems not from an inherent flaw on the face of the court's sentencing papers . . . but from the very practical problems that arise in carrying out overlapping state and federal sentences in a dual sovereignty." *Hernandez*, No. 3:12-cv-921-B, at doc. 13, pp. 2–3 (quoting *United States v. Cibrian*, 374 Fed. App'x 524, 528–29 (5th Cir. 2010)). A state sentence, once discharged, cannot be made to run concurrently with another sentence, and even though this rule may nullify a portion of the federal sentence it does not render that sentence illegal. *Cibrian*, 374 Fed. App'x at 530 (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)). Despite the fact that the judge's oral pronouncement governs, giving effect to that pronouncement through a nunc pro tunc designation would result in no actual change in Hernandez's sentencing credits, because the pronouncement itself is a nullity. Nor is there any other basis shown for overturning the BOP's calculation of his sentence. Accordingly, Hernandez's petition should be denied.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 3rd day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE